ANNA GINSBERG *v*. LOUIS GINSBERG.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued November 7—decided December 6, 1939.

*DeLancey Pelgrift,* for the appellant (defendant).

*George Cutler,* with whom was *Harold J. Eisenberg,* for the appellee (plaintiff).

JENNINGS, J. Plaintiff and defendant are husband and wife and are living together. The wife recovered a judgment for damages based on negligence against the husband. Included in the judgment was a substantial sum for special damages and this is the sole ground of appeal. It is found that some of these special damages have been paid by relatives of the plaintiff and that she has agreed to reimburse them therefor and that, as to the remainder, the surgeon and dentist involved are looking to the plaintiff alone for payment. The question to be decided is whether a wife can recover from her husband special damages, incurred but not paid, resulting from his tort.

A wife, in Connecticut, was never fully subject to the disabilities imposed upon her by the common law and her emancipation was completed by the familiar act of 1877. Public Acts of 1877, page 211; General Statutes, 1930, § 5154. The development of her rights culminating in this act was fully discussed in the leading case of *Mathewson* v. *Mathewson,* 79 Conn. 23, 63 Atl. 285, which established the right of a wife to sue her husband in contract. It was said (p. 35) that the act created a fundamental change in public policy

and that it must be administered in accordance with that policy. *Brown* v. *Brown,* 88 Conn. 42, 89 Atl. 889, extended this right to the wilful torts of the husband, and *Bushnell* v. *Bushnell,* 103 Conn. 583, 131 Atl. 432, to his torts based on negligence.

From the earliest times the right to recover special damages for medical attendance and the like was held to be in the husband, as indicated in *Fuller* v. *Naugatuck R. Co.,* 21 Conn. 557, 571, and *Tompkins* v. *West,* 56 Conn. 478, 486, 16 Atl. 237. Under our statute (§ 5155) the husband is primarily liable for the support of the family and this includes the duty to pay bills incurred by reason of personal injuries suffered by the wife. *Katz* v. *Cohn,* 122 Conn. 338, 341, 189 Atl. 594. This case reviews the decisions concerning the right to sue for special damages and reaffirms the Connecticut doctrine, as does also *Bushnell* v. *Bushnell,* supra, that under our statute the right to sue for such damages is ordinarily in the husband. Both cases state, however, that there may be exceptional cases where the wife should be able to recover therefor by a suit in her own name. For instance, in the *Katz* case, at page 343, the rule is laid down that a wife may recover expenses incurred by reason of an injury if it is found that "it is not reasonably probable that the husband would discharge such liabilities but that the wife would be called upon to do so." Since it is specifically found that the creditors are looking to the wife alone for payment, this case is brought within the exception stated. It should further be noted that, while, under § 5155, the husband is primarily liable for the support of the family, this section also gives the wife the right to indemnity from the husband for any property used or money she has been compelled to pay for the support of the family. For decisions in other states, see note 66 A. L. R. 1194.

Both statutes (§ 5154 and § 5155) should be read together and should be administered in accordance with the purposes intended to be accomplished by them. By § 5154 the wife is given the right to sue in her own name for torts but it has been held in the cases noted that public policy would be better served to ordinarily restrict the right to sue for the special damages to the husband. The underlying reason is that, since the husband is primarily liable, a recovery on this head by the wife would not prevent a later recovery against the husband should she fail to pay the bill. *Katz* v. *Cohn*, supra, 342. The case further holds that the danger of the husband's not using damages assessed for future medical expenses for that purpose is not sufficient to prevent his recovery. The same might be said of the danger of the wife following a similar course.

The upshot of the matter is that while a suit for such damages should ordinarily be brought by the husband, the wife has a cause of action therefor which she may exercise when that course is required by the circumstances of a particular case. The case at bar is as extreme an illustration of such circumstances as could be found. The creditors looked to the wife alone for payment. If the doctrine contended for by the defendant is to prevail, the wife could never recover special damages from her husband, even those resulting from wilful and severe injury. This is an absurd and unjust conclusion which is not required by our decisions or the terms of the statutes involved.

We hold that under this finding the inclusion of the special damages was correct.

There is no error.

In this opinion the other judges concurred.