## JOANNA SADLAK
*vs.*
## VIGOR O. OLIVIER ET ALS.

Superior Court     Tolland County     File No. 4495

MEMORANDUM FILED FEBRUARY 25, 1941.

*Donald C. Fisk,* and *Harry H. Lugg,* of Rockville, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendant, Vigor O. Olivier.

*Ralph O. Wells,* of Hartford, for the Defendant, William V. Sadlak.

KING, J. On October 1, 1939, at about 7:30 in the evening, the defendant William V. Sadlak was operating his Hupmobile sedan northerly on Main Street, in East Hartford, south of its intersection with Burnside Avenue. It was raining and the visibility was poor, especially through the right side of the windshield (which was equipped with but one windshield wiper on the left side), and through the window of the right front door. The defendant Sadlak was driving 20 to 25 miles per hour in the westerly lane of two lanes of cars. Since he was intending to turn east onto Burnside Avenue, he started to pull over into the next (east) lane and his right front fender hooked the left front fender of a Dodge sedan operated by the defendant Olivier. Prior to the accident, the Olivier car had started to draw out from the east curb, where it had been parked, facing north, and had proceeded in low gear at a slight angle to pull out from the curb and clear another car parked ahead, and the right front fender of the Olivier car was about on a line with the left rear fender of the car parked ahead at the time of the impact. The defendant Olivier testified that he put out his hand to signal his intention to draw out from the curb and when at the above point he saw the Sadlak car approaching from the rear and stopped immediately. The collision occurred almost immediately thereafter.

The plaintiff failed to prove negligence on the part of the defendant Olivier which was a proximate cause of the accident. The defendant Sadlak admitted to the defendant Olivier on the scene of the accident that he didn't see the Olivier car at all until after the impact, and his testimony in court was to the same effect. It was not shown that any hand signal would have been seen by Sadlak in any event, so that any discussion of the method of signalling adopted by Olivier would be unprofitable. *D'Amato vs. English,* 122 Conn. 259, 262; *Baum vs. Atkinson,* 125 id. 72, 75.

The plaintiff sustained her burden of proving that the defendant Sadlak was negligent, in not observing the Olivier car and in colliding with it.

Neither defendant sustained the burden of proving contributory negligence on the part of the plaintiff, who was sitting on the front seat of the car, with her little son at her right.

The defendant Sadlak and the plaintiff are, respectively, husband and wife, and (notwithstanding an unlimited right of cross-examination accorded both defendants under the rule of *Bushnell vs. Bushnell*, 103 Conn. 583, 595) the plaintiff sustained the burden of proving her right to recover expenses for medical care and treatment under the rule of *Ginsberg vs. Ginsberg*, 126 Conn. 146, 149. These expenses consisted of Dr. Flaherty's services in the amount of $257.50 and a bill of Dr. McPherson of $30. It is reasonably probable that the plaintiff will have to expend at least $50 more for future medical treatment from Dr. Flaherty.

The plaintiff orally testified that she had received a bill of $41 from the Rockville City Hospital, but the evidence was insufficient to bring this bill within the rule of *Ginsberg vs. Ginsberg, supra,* and it is not allowed.

A bitterly contested point was the plaintiff's claim to recover for the services of one Annie Wisniewski, a niece of the plaintiff, who was living in the Sadlak home at the time of the accident. The services rendered by Miss Wisniewski fell into two main classes, services in assisting in the housework, and services in caring for Mrs. Sadlak.

Our rule as to recovery for expenses for domestic assistance rendered in the home as a result of injuries incapacitating a married woman from doing her housework, is that the right of recovery for such services, except when they are actually rendered to, and paid for by, the husband, rests in the wife. *Marri vs. Stamford Street Railroad Co.,* 84 Conn. 9, 23; *Hansen vs. Costello,* 125 id. 386, 389.

The reasonable value of such services necessarily rendered by Anna Wisniewski is recoverable by the plaintiff, in so far as such services consisted of housework.

Since the testimony was that Anna looked solely to the plaintiff for payment, in so far as these services consisted of nursing or personal care, they are also recoverable by the plaintiff under the rule of the *Ginsberg* case.

The measure of recovery is the reasonable value of the services. Even if they were rendered gratuitously, the plaintiff might still recover such reasonable value. *Beckert vs. Doble,* 105 Conn. 88, 90.

The burden of proving the reasonable value of these services

is on the plaintiff. In view of the testimony as to what was done by Miss Wisniewski, as well as what was done by the plaintiff's daughter, and by one Mary Rose Harrison, it is found that such services had a reasonable value in excess of $5 a week. The testimony is insufficient to warrant an allowance for such services after April 1, 1941, although Dr. Flaherty did not believe that the plaintiff's recovery would be complete until nearly August 1, 1941, at the best. The plaintiff has sustained her burden of proving her right to recover on this head in the amount of not less than $5 a week for 78 weeks, which amounts to $390.

The plaintiff sustained injuries to her right wrist and shoulder, although X-rays showed no fracture or dislocation. The pain which she suffered, in the opinion of Dr. Flaherty, was due to nerve injury incident to injury to ligaments in the neck.

Reasonable compensation for the plaintiff's injuries, pain and suffering is $1,200. In addition, she is entitled to the foregoing special damages amounting to $727.50.

Judgment may enter in favor of the defendant Olivier, and in favor of the plaintiff against the defendant Sadlak in the amount of $1,927.50.