ELOISE BISSONNETTE *v.* HENRY R. BISSONNETTE

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued May 7—decided May 27, 1958

*Edward J. Daly, Jr.,* with whom was *Richard Levin,* for the appellant (plaintiff).

*Valentine J. Sacco,* with whom was *Jerome I. Walsh,* for the appellee (defendant).

PER CURIAM. The plaintiff is the wife of the defendant. They are residents of this state. While in Massachusetts on August 29, 1956, an automobile

owned and operated by the defendant was involved in an accident. His wife, a passenger in the car, was injured. She brought suit against her husband in the Superior Court to recover for her injuries. The court sustained a demurrer to the complaint on the ground that under the laws of Massachusetts suits between husband and wife are not authorized and, since no cause of action arose in that state, the suit could not be prosecuted here. From the judgment rendered upon her failure to plead over, the plaintiff has appealed.

The creation and extent of liability in tort are fixed by the law of the state in which the tort is committed. In this case it is the law of Massachusetts. If the wife could not sue her husband in Massachusetts, she could not maintain an action in this state to enforce a right which did not exist there. We are dealing with a substantive right. The Massachusetts law provides that married women may sue and be sued as though single, but suits between husband and wife are not authorized. Mass. Ann. Laws c. 209, § 6 (1955); *Callow* v. *Thomas,* 322 Mass. 550, 551, 78 N.E.2d 637. As the plaintiff never had a cause of action in Massachusetts, she has none here. *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, 282, 113 A.2d 509, and cases cited therein.

There is no error.