There is no error.

### ELIZABETH WOLOZIN *v.* MORRIS WOLOZIN

BALDWIN, C. J., KING, MURPHY, ALCORN and LOISELLE, Js.

Argued April 5—decided May 23, 1962

*Harry L. Nair,* with whom, on the brief, was *Jonathan S. Cohen,* for the appellant (plaintiff).

*William J. Shea, Jr.,* for the appellee (defendant).

PER CURIAM. The complaint alleged that the plaintiff was a passenger in an automobile owned by her husband, the defendant; that the automobile was being operated by him in Woodbridge, New

Jersey; and that she sustained personal injuries owing to his negligence when he permitted the car to run off the New Jersey turnpike and collide with an embankment. Both parties then were, and now are, residents of, and domiciled in, Connecticut. The defendant demurred to the complaint on the ground that under the law of New Jersey a wife lacked capacity to sue her husband in negligence. The court sustained the demurrer on the authority of *Bissonnette* v. *Bissonnette,* 145 Conn. 733, 734, 142 A.2d 527. The plaintiff failed to plead over, and she has appealed from the judgment rendered for the defendant.

Under the internal law of Connecticut, the complaint stated a good cause of action in tort. It would have stated a good cause of action under New Jersey law except for the relationship of the parties. Under the internal law of New Jersey, the common-law disability of a wife to sue her husband persists. *Koplik* v. *C. P. Trucking Corporation,* 27 N.J. 1, 6, 141 A.2d 34, and cases cited therein. Under the internal law of Connecticut, that disability has long since been removed by statute. Public Acts, 1877, c. 114 (as amended, General Statutes, c. 809); *Brown* v. *Brown,* 88 Conn. 42, 48, 89 A. 889; *Bushnell* v. *Bushnell,* 103 Conn. 583, 587, 131 A. 432; *Kalamian* v. *Kalamian,* 107 Conn. 86, 89, 139 A. 635; *Ginsberg* v. *Ginsberg,* 126 Conn. 146, 147, 9 A.2d 812. Thus, the sole problem presented and considered is under what law the plaintiff's capacity to sue her husband is to be determined.[1] It should be noted that the domicil of both

---

[1] We are not concerned with problems arising from unusual situations where the application of the general situs rule would obviously defeat a strong public policy of this state, as in cases such as *Zucker* v. *Vogt,* 200 F. Sup. 340, 341 (D. Conn.). See Restatement, Conflict of Laws § 377 & note, pp. 455-57.

parties is Connecticut, which is also the forum state.

We have held that the substantive internal law of the situs of the tort determines the capacity to sue as it may be affected by the marriage relationship. *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, 282, 113 A.2d 509; *Bissonnette* v. *Bissonnette,* supra. Our rule is in accord with the majority rule as to choice of law in such situations. *Richards* v. *United States,* 369 U.S. 1, 11, 82 S. Ct. 585, 7 L. Ed. 2d 492; 2 Beale, Conflict of Laws § 378.4; note, 22 A.L.R.2d 1248, 1249, & A.L.R.2d Sup. Serv. It appears to be the present rule of the Restatement, as given in Conflict of Laws § 378.

There is no error.