LAURA H. LANDERS *v.* NEIL C. LANDERS

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 5, 1965—decided January 4, 1966

*Richard S. Levin* and *Jacob A. Saxe,* for the appellant (plaintiff).

*William W. Sprague,* with whom were *John R. FitzGerald* and, on the brief, *C. Ronald Rubley,* for the appellee (defendant).

SHANNON, J. The complaint alleged that the plaintiff was a passenger in an automobile owned and operated by her husband, the defendant, in Lynchburg, Virginia, and that she sustained injuries owing to his gross negligence when he lost con-

trol of his automobile, as a result of which it went off the highway and crashed into a creek.

Both parties were then and are now residents of and domiciled in Connecticut. The defendant demurred to the complaint on the ground that under the law of Virginia a wife lacks the capacity to sue her husband in negligence for personal injuries. The court sustained the demurrer on the authority of *Wolozin* v. *Wolozin,* 149 Conn. 739, 182 A.2d 8. The plaintiff failed to plead over, and she has appealed from the judgment rendered for the defendant.

Under the internal law of Connecticut, the complaint stated a good cause of action in tort. It would have stated a good cause of action under Virginia law except for the relationship of the parties. Under the internal law of Virginia, the common-law disability of a wife to sue her husband persists. *Vigilant Ins. Co.* v. *Bennett,* 197 Va. 216, 89 S.E.2d 69. Under the internal law of Connecticut, that disability has long since been removed by statute. Public Acts 1877, c. 114 (as amended, General Statutes, c. 809); *Ginsberg* v. *Ginsberg,* 126 Conn. 146, 147, 9 A.2d 812. The sole problem presented and considered is under what law the plaintiff's capacity to sue her husband is to be determined. It should be noted that the domicil of both parties is Connecticut, which is also the forum state.

We have held that the substantive internal law of the situs of the tort determines the capacity to sue as it may be affected by the marriage relationship. *Wolozin* v. *Wolozin,* supra, 741; *Bissonnette* v. *Bissonnette,* 145 Conn. 733, 734, 142 A.2d 527; *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, 282, 113 A.2d 509. Our rule is in accord with the majority rule as to choice of law in such situations. *Wolozin* v. *Wolozin,*

supra; *Richards* v. *United States,* 369 U.S. 1, 11, 82 S. Ct. 585, 7 L. Ed. 2d 492; note, 96 A.L.R.2d 973. It appears that the Restatement, which had supported our rule until now (see Restatement, Conflict of Laws § 378), is likely to adopt a new rule to the effect that "[i]n an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless some other state has a more significant relationship with the occurrence and the parties as to the particular issue involved, in which event the local law of the latter state will govern." Restatement (Second), Conflict of Laws § 379a (Tent. Draft No. 9, 1964).[1] We see no reason to change our rule. Under the law of Virginia, where the plaintiff was injured, she had no capacity to maintain this cause of action. She has none here.

There is no error.

In this opinion the other judges concurred.

---

[1] See § 390g, entitled "Intra-Family Immunity," of the Restatement (Second), Conflict of Laws (Tent. Draft No. 9, 1964).