## Norma B. Menczer *v.* Leonard F. Menczer

Alcorn, C. J., House, Thim, Ryan and Shapiro, Js.

Argued February 4—decided March 24, 1971

*Arnold M. Schwolsky,* with whom, on the brief, was *John A. O'Reilly, Jr.,* for the appellant (plaintiff).

*Frank E. Dully,* for the appellee (defendant).

Per Curiam. This is a negligence action brought by the plaintiff Norma B. Menczer against her husband, the defendant Leonard F. Menczer, in which she seeks to recover damages for personal injuries arising out of a collision between a car owned and operated by the defendant in which she was a passenger and another motor vehicle. The action brought by the plaintiff's son, William Menczer, a passenger in the defendant's car, was withdrawn. Both parties are domiciled in Connecticut. The accident took place in the state of Massachusetts. The defendant demurred to the complaint on the ground that under the law of Massachusetts interspousal suits are not authorized, and since the injury occurred in that state the law of Massachusetts is controlling. The trial court

sustained the demurrer and from the judgment rendered for the defendant the plaintiff has appealed to this court.

The plaintiff urges that we should once more examine our decisions wherein the rule is laid down that the substantive internal law of the situs of a tort determines the capacity to sue as it may be affected by the marriage relationship. *Landers* v. *Landers,* 153 Conn. 303, 216 A.2d 183; *Wolozin* v. *Wolozin,* 149 Conn. 739, 182 A.2d 8; *Bissonnette* v. *Bissonnette,* 145 Conn. 733, 142 A.2d 527; *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, 282, 113 A.2d 509. This rule was reexamined and approved as recently as 1969 in *St. Pierre* v. *St. Pierre,* 158 Conn. 620, 262 A.2d 185.

The plaintiff has called to our attention Public Act No. 623 of the 1969 session of the General Assembly, now § 52-572d of the General Statutes, which provides as follows: "Section 1: In all actions brought by one resident spouse against the other resident spouse for negligence in the operation of a motor vehicle resulting in personal injury or injury to property, it shall not be a defense or a bar to the cause of action that such an action by one spouse against another would not lie in the state where the injury occurred. The rights of such spouses, including the standard of care to be applied in such action, shall be determined as if the injury had occurred in this state. Sec. 2: This act shall take effect from its passage, but shall apply only to injuries first sustained on or after said date." The act became effective June 24, 1969. The plaintiff does not claim that the statute applies to the accident in this case, which occurred November 10, 1968. She urges, however, that this should not be determinative of her rights since the legislature has by its action adopted

a new public policy for Connecticut which this court should apply to this case by judicial decision. "Our public policy in such matters does not authorize our courts to ignore well-established principles of the conflict of laws and to disregard the law of a sister state affecting substantive rights merely because that law differs from our own." *Bohenek* v. *Niedzwiecki,* supra, 284. The legislature has exercised its prerogative to permit a suit such as this one but only for injuries first sustained on or after June 24, 1969. In so doing it recognized the fact that retrospective laws affecting substantive rights generally, if not universally, work injustice. *Little* v. *Ives,* 158 Conn. 452, 457, 262 A.2d 174; *Michaud* v. *Fitzryk,* 148 Conn. 447, 449, 171 A.2d 397.

We see no reason to change our rule as enunciated in *St. Pierre* v. *St. Pierre,* supra, in order to bring about a result which the legislature in its wisdom avoided.

There is no error.