ROSEANN O'CONNOR *v.* BRIAN O'CONNOR
(3290)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued April 12—decision released May 14, 1985

*John J. Houlihan, Jr.,* with whom, on the brief, were *William R. Davis* and *Anthony C. Polvino,* law student intern, for the appellant (plaintiff).

*James O. Shea,* with whom, on the brief, was *Roger Brewer,* for the appellee (defendant).

PER CURIAM. This is an action for damages resulting from injuries sustained by the plaintiff in a one car accident, which occurred in East St. Amstead, Quebec, Canada. She alleges that she sustained various injuries as a result of the accident, all of which were caused by the defendant's negligent operation of the motor vehicle. The defendant filed a motion to strike, claiming that Quebec law applied to the present action and under that law the plaintiff had no cause of action. The trial court granted the defendant's motion to strike and rendered judgment for the defendant after the plaintiff declined to file a new pleading. The plaintiff, on appeal, urges us to "overrule" *Gibson* v. *Fullin,* 172 Conn. 407, 374 A.2d 1061 (1977), despite our status as an intermediate appellate court.

The law in Connecticut is clear that in motor vehicle cases " '[t]he creation and extent of liability are fixed by the law of the state in which the tort is committed.' *Bissonnette* v. *Bissonnette,* 145 Conn. 733, 734, 142 A.2d 527 [1958]; see *Murray* v. *Milford, Connecticut,* 380 F.2d 468, 470 (2d Cir. [1967]); *Menczer* v. *Menczer,* 160 Conn. 563, 280 A.2d 875 [1971]; *Landers* v. *Landers,* 153 Conn. 303, 304, 216 A.2d 183 [1966]; *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, 283, 113 A.2d 509 [1955]." *Gibson* v. *Fullin,* supra, 411. In the face of this uniform and recent Supreme Court precedent, whether the traditional rule of lex loci delicti should be reevaluated and possibly discarded in appropriate circumstances is not for this court to decide.

There is no error.