[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, defendant National Car Rental System, Inc. (hereinafter "National") has moved for summary judgment on the plaintiffs, Timothy Bosler (individually) and CT Page 1480 Jennifer Bosler (Timothy Bosler, ppa) complaint on the ground that the plaintiffs do not have a cause of action under Connecticut law.
FACTS
On April 29, 1989, the plaintiff Timothy Bosler was operating an automobile with his daughter Jennifer Bosler as a passenger on Interstate 95 in Hopkinton, Rhode Island. At that time and place, National's vehicle was being operated pursuant to a written rental agreement by Michelle Blake. The defendant's vehicle struck the rear of Bosler's vehicle causing Bosler's vehicle to strike a guardrail, spin around, strike the rail again and flip over on its roof before coming to a rest. As a result of this action, the plaintiffs suffered various injuries.
On November 11, 1991, the plaintiffs filed a complaint in four counts against National pursuant to General Statutes 14-454a. On September 9, 1992, the defendant filed a motion for summary judgment on the ground that the plaintiffs did not have a cause of action in Connecticut.
Accompanying the motion was a memorandum of law. In it, the defendant argues that the rental contract was entered into in Massachusetts and thus, based on the rule of lex loci contractus, Massachusetts law controls this cause of action, not Connecticut law. Therefore, the defendant argues that since the cause of action was not brought under Massachusetts law, summary judgment is appropriate.
On October 10, 1992, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment. In it, the plaintiffs argue that the cause of action sounds in tort, not in contract. The plaintiffs argue further that the Connecticut case of O'Connor v. O'Connor, 201 Conn. 632, 519 A.2d 13 (1986) is controlling. In that case, the court established that where the application of the law of the place of the accident produces an arbitrary, irrational or harsh result, the court should instead apply the law of the forum with the most significant relationship to the parties and to the cause of action. The plaintiffs argue that under this case, the law of Connecticut should apply because it has the greatest interest in applying its laws to protect the expectations of its residents, the CT Page 1481 plaintiffs. The plaintiffs add that Massachusetts does not have as many significant contacts with the plaintiffs and the cause of action and does not recognize an action against the rental car owner as does Connecticut.[1]
On November 11, 1992, the defendant filed a reply memorandum in support of its motion for summary judgment. In it, the defendant argues that applying the law of Massachusetts will not lead to an arbitrary result. In addition, the defendant argues that Connecticut has not abandoned the rule of lex loci delicti. The defendant argues in the alternative that if the court applies the most significant relationship test, then Massachusetts has more of an interest in applying its laws in the case than does Connecticut.
The affidavit of a senior claims representative for National is attached to the memorandum of law in support of the motion for summary judgment. The affiant states that:
 (1) The defendant is a Delaware corporation with its principal place of business in Minneapolis, Minnesota;
 (2) On April 29, 1989, the Logan International Airport office rented the vehicle subsequently involved in the accident with the plaintiffs and said vehicle has a Massachusetts vehicle tag; and
 (3) The vehicle was garaged in Massachusetts.
These facts are undisputed.
Attached to the memorandum is the deposition of Timothy Bosler. In it, Bosler states that at the time of the accident, he and his daughter were residing in Connecticut and remained in their Connecticut residence for approximately two years following the accident. The deposition reveals that the plaintiffs have since moved from Connecticut.
DISCUSSION CT Page 1482
Pursuant to Practice Book 384, summary judgment is appropriate where the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 592 (1991).
A. Characterization of the Action
The action was brought pursuant to General Statutes14-154a which imposes vicarious liability on the lessor of a vehicle for damage caused by the operation of the vehicle by the lessee. Hughes v. National Car Rental Systems, Inc.,22 Conn. App. 586, 577 A.2d 1132 (1990). Therefore, an action brought under the statute sounds in tort, not contract.
B. Choice of Law
There is at least some uncertainty about what rules are to be applied in situations presenting a conflict of laws. These rules have evolved from strict adherence to the law of the place of injury, or lex loci delicti, Menczer v. Menczer, 160 Conn. 563, 564-65, 280 A.2d 875 (1971); to the "most significant relationship" test advanced by the Restatement (Second) of Conflict of Laws, O'Connor v. O'Connor, supra.
Because the O'Connor case is the most recent Supreme Court case that deals with choice of law rules in tort cases, the Court finds that the O'Connor case provides the appropriate choice of law rules.
"(T)he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and to the parties as stated in [the Restatement (Second) Conflict of Laws 6]." O'Connor, supra, 650. Section 6 of the Restatement provides that:
 (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. CT Page 1483
 (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
 (a) the needs of the interstate and international systems,
 (b) the relevant policies of the forum,
 (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
 (d) the protection of justified expectations,
 (e) the basic policies underlying the particular field of law,
 (f) certainty, predictability and uniformity of result, and
 (g) ease in the determination and application of the law to be applied.
Restatement (Second) Conflict of Laws. 6. The relative weights of each of these factors is to be considered, rather than their number, and independent weight is not to be attached to any of these factors, as they are "ancillary to the goal of providing rational, fair, choice of law rules." O'Connor, supra, 651.
The Restatement analysis then turns to a set of "black letter" rules of priority to facilitate the application of 6 to tort cases. The "most significant relationship" determination is made with primary reference to these criteria.
 (1) The rights and liabilities of the parties with respect to an issue in tort CT Page 1484 are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in 6.
 (2) Contacts to be taken into account in applying the principles of 6 to determine the law applicable to an issue include:
 (a) the place where the injury occurred,
 (b) the place where the conduct causing the injury occurred,
 (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
 (d) the place where the relationship, if any, between the parties is centered.
Restatement (Second) Conflict of Laws 145. These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Applying these factors to the instant case, as between Connecticut, Massachusetts and Rhode Island, Connecticut has the most significant relationship to the action.
While it is conceded that the accident occurred in Rhode Island, that was a fortuitous contact and not significant to the action.
As to Massachusetts, neither party is a domiciliary or resident of that state. The defendant is a national corporation with its principal place of business in Minnesota and place of incorporation in Delaware. Further, this action sounds in tort. Massachusetts' contacts with the action, CT Page 1485 namely as the forum where the vehicle was leased, garaged and registered, are largely irrelevant to the tort action at hand. Finally, Massachusetts recognizes a very limited cause of action for lessor liability. See. n. 1, infra. The Court therefore finds that applying the law of Massachusetts to this case would produce a harsh result for the plaintiffs.
As to Connecticut, the plaintiffs were residents of the state at the time of the accident. This contact is significant to the action because the statute under which the action was brought is presumably designed to allow individuals to secure relief for accidents involving rented vehicles from the lessor. Connecticut's valid interest in protecting its residents with this statute gives this forum a significant contact to the action and the most significant contact to the action as compared to Rhode Island and Massachusetts.
In conclusion, Connecticut provides a cause of action pursuant to General Statutes 14-154a and is the state with the most significant contacts the law of Connecticut should apply to this case. Accordingly, the motion for summary judgment is hereby denied.
Hurley, J.