JEANETTE SCHNIRMAN *vs.* MAX DON ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 10th—decided November 8th, 1933.

*Morris Gottlieb, pro se,* the appellant (defendant).

*Abraham S. Ullman,* for the appellee (plaintiff).

PER CURIAM. The plaintiff was a passenger in a car owned by her husband and which was being driven by him in an easterly direction on Ocean Avenue in the town of West Haven. The car had come to a stop in the line of traffic at the intersection of Savin Avenue, and was struck in the rear by a car owned by the defendant Don, and driven by the defendant Gottlieb. Upon the day of trial the action was withdrawn as against the defendant Don, and the plaintiff recovered a verdict against the defendant Gottlieb which he moved to have set aside as against the evidence. The plaintiff claimed that the car in which she was riding had come to a stop in the line of traffic at the street intersection, and was awaiting the movement of traffic

ahead with its automatic stop light signal set and operating, when the defendant's car crashed into its rear with such force that she was thrown forward and received the injuries of which she complains. The defendant claimed that he was driving carefully at normal speed when the plaintiff's car stopped abruptly in front of him without signalling, that the front bumper of his car touched the rear bumper of the plaintiff's car, but that no damage was done to either car, and that the plaintiff was not hurt. There was evidence from which the jury could reasonably find that the accident happened as claimed by the plaintiff through the defendant's negligence in failing to have his car under proper control and in failing to keep a proper lookout. Though claiming that the plaintiff received no injuries, the defendant did not ask to have the verdict set aside on the ground that it was excessive, and there was evidence that the plaintiff was injured as a result of the collision. The court did not err in denying the motion to set the verdict aside.

The court's charge that if the plaintiff had incurred bills for medical services which she would be obliged to pay it was not essential that the bills had been actually paid was clearly correct. *Ryan* v. *Scanlon,* 117 Conn. 428, 435, 168 Atl. 17. The statute, General Statutes, Cum. Sup. 1931, § 602a, which provides that expenditures or indebtedness contracted by the husband or parent of a plaintiff may be recovered by the latter provided the husband or parent has endorsed his consent thereto upon the complaint, is not, as claimed by the defendant, applicable here, since the charge to which exception is taken referred only to obligations incurred by the plaintiff herself.

Other claimed errors in the charge, and claims for the correction of the finding, do not merit discussion.

There is no error.