## MAX KATZ *vs.* JOSEPH S. COHN ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued December 1st, 1936—decided January 8th, 1937.

*DeLancey Pelgrift,* for the appellant (named defendant).

*David M. Reilly,* with whom was *Edward M. Rosenthal,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff recovered a verdict against the defendant Cohn for damages claimed to be due by reason of a collision between an automobile in which he was riding with his wife and one being operated by the defendant Cohn.   The plaintiff alleged in the complaint that he was a married man and, by reason of injuries suffered by his wife in the collision, he had been obliged to make expenditures for services in her care at home after her discharge from a hospital and for other expenditures in aid of her recovery, and also that he would be compelled in the future to expend further sums for the first purpose mentioned. From answers to interrogatories submitted to the jury it appears that they included in the verdict the sum of $1500 for payments to be made in the future by the plaintiff for the care of and assistance to his wife. While the appeal is taken from the refusal of the trial court to set aside the entire verdict, the sole issue presented to us is the right of the plaintiff to recover this sum.

Instead of causing the evidence to be printed in the record, the parties have filed a stipulation containing a brief summary of so much of it as is relevant to the issue upon the appeal.   They have thus saved a con-

340

siderable expense to the parties and to the State and appreciably lightened the burden upon the court and its officers. Where such a procedure can be adopted it is highly commendable.

There was evidence that the plaintiff's wife would be partially incapacitated from taking care of her own personal needs for some time subsequent to the trial of the case; that she would require the actual care and constant attention of a personal attendant or maid for a period of three years or more; and that the plaintiff would be obligated to spend $1716 to secure such attendant or maid. The accident out of which the action arose was the same one as was the basis of an action brought by the plaintiff's wife against the same defendants which was before us at a previous term; *Katz* v. *Cohn,* 121 Conn. 545, 186 Atl. 494; and the parties further stipulated that the items of recovery in this action for the care of and attention to the wife were not claimed by her in that action. Disregarding any incidental questions which might arise, the defendant Cohn rests his contention upon the ground that a husband has no right to recover expenses which will probably be incurred in the future for attendance upon and personal care of his wife, made necessary by the personal injuries she suffered.

Where a husband has, before the action, expended money for the care of and personal attention to his wife, made necessary by personal injuries suffered by her, the right to recover those expenditures ordinarily belongs to him and not to her. *Fuller* v. *Naugatuck R. Co.,* 21 Conn. 557, 571; *Tompkins* v. *West,* 56 Conn. 478, 486, 16 Atl. 237; *Marri* v. *Stamford Street Ry. Co.,* 84 Conn. 9, 22, 78 Atl. 582; *Quackenbush* v. *Vallario,* 114 Conn. 652, 657, 159 Atl. 893. In *Tompkins* v. *West,* an action to recover damages for personal injuries to the wife in which the husband joined as a

merely nominal party, the court charged the jury that in estimating the damages they were to consider among other elements "the expenses of her sickness." We held this error, saying: "In such cases it is clear that the right of action, so far as the expenses were concerned, is in the husband alone. It was his duty to pay such expenses and the presumption is he did so." The basis of recovery of expenses paid by the husband is that they were paid by him, not as a volunteer, but in pursuance of his duty to support his family. See *Johnston* v. *Moeller,* 93 Conn. 590, 593, 107 Atl. 566. One entitled to recover expenses caused by personal injury may ordinarily recover those which have been incurred but not paid as well as those which have been paid. *Schnirman* v. *Don,* 117 Conn. 685, 686, 169 Atl. 270. That rule is applicable to the recovery by a husband of expenses made necessary by personal injury done to his wife, where they have been incurred but not paid.

Our statutes provide: "It shall be the duty of the husband to support his family, and his property when found shall be first applied to satisfy any such joint liability; and the wife shall be entitled to an indemnity from the property of the husband for any property of her own which shall have been taken, or for any money that she shall have been compelled to pay, for the satisfaction of any such claim." General Statutes, § 5155. Services to a wife living with her husband made necessary by personal injuries which she has suffered are within the duty of a husband "to support his family" as these words are used in the statute. The statute makes it his duty to pay such expenses whenever incurred, and the same duty exists in regard to expenses incurred in the future as in the case of expenses incurred before the action. He is the one to whom the person entitled to compensation

should primarily look and does ordinarily look for payment. If he does recover for such expenditures made necessary in the future, there is of course a possibility that he may in some way avoid paying them; there is in all recoveries for future expenditures a possibility that the money will not be used for the purpose intended; but the law can only deal with reasonable probabilities. There is in the ordinary case of expenses which will be incurred in the future for the proper care and treatment of a wife a duty on the part of a husband to pay them which gives rise to the presumption spoken of in *Tompkins* v. *West* that he will do so. On the other hand, the wife is not primarily liable to pay such expenses and should she recover them and spend the money the obligation to discharge them would still rest upon the husband.

As under our law only the husband can ordinarily recover for expenditures made before the action, to hold that expenses made necessary in the future are to be recovered by the wife would split what in reality is a single cause of action into two. The practical consideration, that the husband having secured the money may not use it to discharge the liability for the expenses, would be applicable as regards liabilities incurred before but not paid at the time of the action; and if that consideration is to be given controlling weight, the husband's right of recovery should be restricted to expenditures actually made by him and liabilities incurred upon his sole credit, before the action.

We do not go so far as to say that under no circumstances could a wife recover expenses to be incurred in the future. The basis of a recovery by the husband is the reasonable probability that he will discharge his duty toward his family and a presumption, ordinarily applicable, that he will do so. Under the facts of a

particular case it might be found that it is not reasonably probable that the husband would discharge such liabilities but that the wife would be called upon to do so. Under such circumstances the wife might have a right to recover for expenses to be incurred in the future. See note, 66 A. L. R. 1194. But where no facts are proven sufficient to take the situation out of the ordinary rule, the husband is entitled to recover them.

We are aware that a different conclusion has been reached in Massachusetts. *Cassidy* v. *Constantine,* 269 Mass. 56, 168 N. E. 169, 66 A. L. R. 1186; *Thibeault* v. *Poole,* 283 Mass. 480, 186 N. E. 632. A result contrary to the rule in that State has been reached in Indiana. *Indianapolis Street Ry. Co.* v. *Robinson,* 157 Ind. 414, 417, 61 N. E. 936. We believe the conclusion to which we have come better accords with our law and the legal principles applicable, at least in this State.

There is no error.

In this opinion the other judges concurred.