PHOEBE JONES v. CHARLES W. JONES ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 62027

Memorandum filed March 10, 1951.

*Timothy F. O'Connell* and *Robert J. Woodruff*, of New Haven, for the Plaintiff.

*Albert E. Evans, Nathan A. Resnik* and *Gold & Gold*, of New Haven, for the Defendants.

MOLLOY, J. This action was instituted more than nine years ago. The original pleadings have been superseded by an amendment dated January 31, 1944, which contained a substituted second count, and an amendment dated November 21, 1945, which contains a substituted first count.

The first count is based upon the claim that the defendant Charles Jones deserted the plaintiff and has not supported her since, although he is legally obliged so to do. The same count also alleges that property at that time owned by the defendant Charles Jones at 227 Day Street, New Haven, was on October 22, 1941, transferred to his daughter, Ella Bryant, for the purpose of defrauding the plaintiff of the support due her from Jones.

The second count alleges that prior to the marriage of the plaintiff and the defendant Jones, and in contemplation thereof, the defendant Jones promised to convey to the plaintiff a one-half interest in the property at 227 Day Street, New Haven; and the further claim is made that because of said promise the plaintiff had, at her own expense, made improvements upon said property, both before her occupancy of the same and thereafter.

The plaintiff and defendant were married in 1939 after having lived together for nine or ten years. After the marriage they lived for nearly a year in a tenement maintained by the plaintiff on Orchard Street, New Haven. They then moved to the defendant's two-family house, No. 227 Day Street, and established a home there. For a while there was concord and harmony, but, upon the defendant's becoming ill and infirm, trouble started with the result that in October, 1941, the defendant left the plaintiff and went to live with his daughter, Ella Bryant, to whom he subsequently conveyed the property at 227 Day Street, New Haven. The plaintiff has since lived in this property, Ella Bryant, and later her estate, however, collecting the first-floor rent and paying taxes and other charges upon the property. The plaintiff has paid no rent during her occupancy.

We thus have a situation where the plaintiff contends that in contemplation of marriage the defendant Jones promised to convey to her a one-half interest in his property No. 227 Day Street, which he failed to do; that he deserted her with total neglect of duty since; that in reliance on the promise to convey to her the plaintiff expended considerable money in keeping up the premises and in repairing them; that the defendant is liable for past expenditures made by her in supporting herself; and further, that he should be compelled to contribute such sum as may be found reasonable for her support from the time of service upon him of this action. She also asks that the defendant Jones be directed to convey to the plaintiff a one-half interest in the above described premises, No. 227 Day Street.

The court has no confidence in the story of the plaintiff as to why the defendant left her and why he has continued to live separate and apart from her. The court is of the conviction that the defendant left the plaintiff because he could not stand her abusive words and actions any longer. He had become ill and infirm and needed a home and care, but the plaintiff "did not marry no man to take care of him." The court believes what the defendant Jones details as to her attitude and conduct toward him while they lived together after their marriage. When he left her he went to live with his daughter, with whom he lived until her death. Since then he has lived with his daughter's son, who provides a home for him and takes care of him. The defendant left the plaintiff with justification. For the now infirm and old man to have attempted or to attempt now to go back to live with her was and is risky for his comfort and happiness and well-being. One had only to observe the plaintiff on the stand to realize how long Jones would last with her in his present condition.

Nor did the defendant make any promise to convey to the plaintiff any interest in the property at 227 Day Street; and fortunately for him he did not. When he could no longer stand the plaintiff and when he needed care he went to his daughter. He, subsequently, again did the natural thing in view of his condition. He conveyed 227 Day Street to his daughter in consideration of her giving him a home and caring for him. There was no fraud contemplated by either the defendant or his daughter in the transaction. The plaintiff has clearly failed to sustain the burden of proof in this respect. The conveyance was not made for the purpose of making it impossible to carry out any alleged promise to convey to the plaintiff.

The plaintiff contends, however, that by reason of General Statutes, § 7308, and the law generally, the defendant could not convey his property and so avoid the duty of a husband to support his wife; and this even though she has been employed and so has had and now has an income of her own.

The court agrees with the contentions of the plaintiff that a husband has the primary obligation to support his wife and family; that this is a duty imposed by both common law and the statute, § 7308; *Bohun* v. *Kinasz,* 124 Conn. 543, 546; *Katz* v. *Cohn,* 122 Conn. 338, 341. Nor is the right of a wife to indemnity for any money she has been compelled to pay for her support defeated because she has private means. *Churchward* v. *Churchward,* 132 Conn. 72. The question, however, is

whether, under the circumstances of this case, the defendant has been under an obligation to contribute to his wife's support or is under obligation now so to do. And also whether in view of such primary obligation he could transfer his property under the circumstances under which it was done in this instance.

We start off with the proposition that the defendant Jones was justified in leaving the plaintiff. Under these circumstances he was not obligated to contribute to her support. Ella Bryant agreed, in consideration of the transfer to her of the property in question, to maintain and support the defendant Jones for the rest of his natural life, and that obligation she carried out until her death, and since then her son has done so. It was a duty assumed and faithfully kept up by the daughter and by her son to maintain and care for the defendant, now seventy-six years old. Under the circumstances, what was the old man to do, and what can he do now? He is in no position to support her now. He receives $11 weekly pension from the railroad; he owes $400 in hospital bills; and he has to go to the hospital twice a week for treatments.

The plaintiff forfeited any right to support from this defendant because she practically drove him from his home. No man has to stand hot water being thrown at him. If he is young, maybe he can duck it, but an old man, not a chance. In support of the defendant's position read *Alexander* v. *Alexander*, 107 Conn. 101, and *Boushay* v. *Boushay*, 129 Conn. 347.

He transferred his property in 1941 to insure himself a home and for nearly ten years he has had that home and that care. The transfer was not without consideration; and surely fraud in such an act is not presumed. The discrepancy between the plaintiff's present testimony and that of a former trial of this cause weighs heavily against her truth and veracity on this point of the case. The court concludes, therefore, that under the circumstances the conveyance to the daughter was a valid one and without intent on the part of the defendant Jones, or his daughter, to defraud the plaintiff.

Concerning the plaintiff"s claim for expenditures made for repairs and improvements on the property, No. 227 Day Street, the court does believe that some expenditures were made by the plaintiff in the upkeep of the structural condition of the property as distinguished from such as concerned the improvement of the property beyond what it warranted and those things which she did to satisfy her own desires. Many bills have been introduced

in evidence and they total quite a sizable amount. Jones says that money which he gave the plaintiff paid the bills she is now seeking to recover on. This is undoubtedly true as to some of them but is questionable as to others. It has been difficult to classify these bills. The defendants object to them on the ground that they were occasioned by the desires and whims of the plaintiff and were of such a nature that the defendants should not be beholden for them. There is much merit in these con- tentions. On the other hand, we have a situation here where the plaintiff fails in her claims for support and for a cancellation of the conveyance with the inevitable result to her that she must vacate the premises, even though she has made expenditures in keeping up and in reasonably improving the property.

The expenditures as set out in exhibits A and B, attached to the amendment of January 31, 1944, seemed to be the basis of the plaintiff's claim for recovery on this aspect of the case, but as the trial progressed numerous other bills were offered in evidence, all upon the idea that the plaintiff paid them and should be reimbursed for them. Jones left his wife October 25, 1941. Certainly any obligations prior to that date should re- ceive no consideration, nor should those with no date on them. As to some of the obligations incurred by the plaintiff since the separation, it is unreasonable to assume they could be justified in view of Jones's financial status, nor could her whims and de- sires alone justify them. As to other bills it is difficult to make out what they were for. However, each bill has been carefully examined by the court. It would be unjust and inequitable to strike out those which were occasioned by reason of apparently necessary repairs to the house and those which could not be other than an improvement and an asset to the house and still were within reason and justice.

These bills are:

For installing a sink and tray combination, leader pipe
    and tube . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $149.50
For labor and materials in erecting a fence . . . . . . . . . .   48.48
Plumbing repair . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2.50
Boiler and toilet repair . . . . . . . . . . . . . . . . . . . . . . . .    6.00
Repairing cellar door, hanging gate and repairing front
    porch . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   30.00
Electrical repairs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   30.00
Plumbing repairs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7.00
Electrical repairs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2.00

Repairing screens and windows ..................... 15.00
Electrical repairs ................................. 16.75
Electrical repairs ................................. 19.00
Repairs to the roof of the house .................. 50.00
For insurance on house for 3 years in 1945 .......... 18.00
For insurance on house for 3 years in 1948 .......... 18.00
Also on the Dibble account for plumbing and porch re-
    pair ........................................ 29.05
Plumbing repairs in 1947 ......................... 32.75
Installing bathroom fixtures and repiping ............ 402.49

    All totaling ........................... 876.52

The property now held by the defendant estate was and is the beneficiary of these improvements, most of them permanent. They were necessary for the upkeep of the property and reasonably necessary improvements. It is only equitable that the title holder should reimburse the plaintiff for them, under all the circumstances. The court is under the vague impression that it questioned the right of the plaintiff to recover for these expenditures under the present form of the amended counts. If there is any question about that, then the plaintiff is ordered to amend the pleadings so that they will be clearly comprehended in the recovery sought.

Accordingly, judgment may enter for the defendant Jones on the issue of support and for both defendants on the issue of the legality of the conveyance of the property, and for the plaintiff to recover of the defendants $876.52, the expenditures made in the upkeep and maintenance of the property.