JASON CZAR ET AL. *v.* GARY RUOT ET AL.
(AC 32789)

Bear, Espinosa and Bishop, Js.

Argued September 13—officially released November 8, 2011

*Paul J. Ganim*, for the appellants (plaintiffs).

*Brian S. Frank*, with whom, on the brief, was *Heather Q. Wallace*, for the appellee (defendant Redding Appraisal Group).

*Opinion*

BISHOP, J. The plaintiffs, Jason Czar and Beth Ann Czar, appeal from the summary judgment rendered in

favor of the defendant, Redding Appraisal Group.[1] On appeal, the plaintiffs claim that the trial court improperly determined that their action was barred by General Statutes § 36a-755 because the appraisal was not rendered in conjunction with seeking a mortgage from, or at the behest of, a financial institution within the meaning of the statute. We agree and, therefore, reverse the judgment of the trial court.[2]

The plaintiffs purchased residential property in Milford from Gary Ruot and Jennifer Ruot, pursuant to a contract of sale dated May 21, 2006. The plaintiffs engaged United Mortgage Financial Group (United), a mortgage broker, to secure the best mortgage available to them. On May 31, 2006, United contracted with the defendant to perform an appraisal of the subject property. On June 2, 2006, the defendant performed the appraisal and, thereafter, did not have any further involvement with the plaintiffs or the subject property. The plaintiffs closed on the property on June 28, 2006. A few months after they moved into the property, the plaintiffs experienced flooding of a portion of the property.

On May 8, 2008, the plaintiffs commenced this litigation in which they claim, in part, that the defendant negligently and carelessly performed the appraisal and, consequently, failed to consider important factors that negatively impacted the value of the property. The defendant filed a motion for summary judgment asserting that the plaintiff's claim against it was barred by General Statutes § 36a-755 (d) because the appraisal

[1] The plaintiff also named as defendants Gary Ruot, Jennifer Ruot, Century 21 Access America and Stephanie Ellison. Because those parties are not parties to this appeal, we refer to Redding Appraisal Group as the defendant.

[2] The plaintiffs also contend that the court improperly determined that they had no privity with the defendant as required by § 36a-755 (d). Because we conclude that that statute does not apply to the circumstances of this case, we need not address that claim.

was commissioned by United, and there was no privity of contract between it and the plaintiffs in this regard. In opposition, the plaintiffs responded that, in 2006, United was not a financial institution as defined in General Statutes (Rev. to 2005) § 36a-755 (a) (2),[3] and, therefore, their transaction did not fall within the ambit of § 36a-755. In other words, they argued that, in 2006, § 36a-755 did not confer blanket immunity from suit to all appraisers but, rather, pertained only when an appraisal was done either directly or indirectly at the behest of a financial institution and that, because United was not then a financial institution as defined by the statute, its provisions were inapplicable. The court granted the defendant's motion for summary judgment, concluding that the plaintiffs' action was barred by § 36a-755 (d) and that no issue of fact existed in that the agreement to perform the appraisal was between the defendant and United, not the plaintiffs. The plaintiffs subsequently asked the court to reconsider its decision on the basis that they had submitted to the court a postargument brief and affidavits, and they believed that those documents were not considered by the court in issuing its decision. The court denied the motion for reconsideration. This appeal followed.

On appeal, the plaintiffs claim that the court improperly concluded that their claim was barred by § 36a-755 (d). They contend that their claim is not subject to the provisions of § 36a-755 because, in 2006, United was not a financial institution as defined in § 36a-755 (a) (2). We agree.

We first set forth the applicable standard of review of a trial court's ruling on a motion for summary judgment. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show

---

[3] All references to § 36a-755 (a) (2) are to the 2005 revision unless otherwise indicated.

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 786–87, 967 A.2d 1 (2009).

The question of whether § 36a-755 relates only to appraisals done directly or indirectly at the behest of a financial institution or to any appraisal commissioned by any party presents a question of statutory interpretation, over which we exercise plenary review in accordance with well established principles set forth in General Statutes § 1-2z. See *Nyenhuis* v. *Metropolitan District Commission*, 300 Conn. 708, 719, 22 A.3d 1181 (2011). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning . . . § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Wilton Meadows Ltd. Partnership* v. *Coratolo*, 299 Conn. 819, 825, 14 A.3d 982 (2011).

In accordance with § 1-2z, we begin with the text of § 36a-755 (d) (formerly General Statutes § 36-9h), which

is a subsection of the statute entitled "Mortgage appraisal practices." Section 36a-755 (d) provides that: "Any person who prepares such appraisal report shall not be liable to any person with whom the preparer has not contracted to make such appraisal report for opinions or facts stated in or omitted from such appraisal report, unless such statement or omission results from intentional misrepresentation."

Reading subsection (d) by itself, it is not clear that it pertains only to appraisals requested by financial institutions. In the context of the entirety of § 36a-755, however, it is clear that subsection (d) applies only to appraisals that are performed in conjunction with securing a mortgage from a financial institution. This is made evident by the reference in subsection (d) to "such appraisal," which logically and reasonably must be read to refer back to subsections (b) and (c), both of which pertain only to appraisals performed when a financial institution has imposed a fee. On that basis, we conclude that the language of § 36a-755 (d) unambiguously applies only to appraisals performed in conjunction with obtaining a mortgage from a financial institution and commissioned either directly or indirectly by such financial institution. Thus, in order to determine whether or not the plaintiffs' action was barred by subsection (d), it must first be determined if United is a financial institution as that term was then statutorily defined.

At the time that the appraisal was performed, in 2006, § 36a-755 (a) (2) defined a financial institution as "a bank, out-of-state bank, Connecticut credit union, federal credit union, out-of-state credit union, secondary mortgage loan licensee and first mortgage lender licensee . . . ."[4] In conjunction with their opposition

---

[4] Public Acts 2008, No. 08-176, § 75, effective July 1, 2008, redefined " '[f]inancial institution' " to include references to "mortgage correspondent lender" and "mortgage broker." Due to the timing of that amendment, however, it has no bearing on the issue before us.

to the defendant's motion for summary judgment, both of the plaintiffs submitted affidavits in which they alleged that they engaged United as a "mortgage broker . . . to help negotiate the best deal [it] could with a 'financial institution' . . . ." The plaintiffs averred that United is a broker that does not lend money and was, therefore, not a financial institution as defined in § 36a-755 (a) (2). We agree. By the plain language of § 36a-755 (a) (2), a financial institution is one that is in the business of lending money. There is no claim in this case that United was in such a business; rather, it appears undisputed that United acted solely as a mortgage broker. Because United is not a financial institution as then defined in § 36a-755 (a) (2), we conclude that the court improperly rendered summary judgment in favor of the defendant on the basis that the plaintiffs' claim was barred by § 36a-755 (d).

The judgment is reversed and the case is remanded with direction to the trial court to deny the defendant's motion for summary judgment and for further proceedings according to law.

In this opinion the other judges concurred.