******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAWSON LAWRENCE *v.* ROBERTO GUDE ET AL.
(AC 45191)

Elgo, Moll and Clark, Js.

*Syllabus*

Pursuant to statute (§ 46b-37 (b) (3)), it is the joint duty of each spouse to support his or her family, and both shall be liable for "the rental of any dwelling unit actually occupied by the husband and wife as a residence . . . ."

The plaintiff landlord, L, sought, inter alia, damages for back rent and use and occupancy in connection with a residential property he leased to the defendants, R and A, who were husband and wife. Although the lease listed both R and A as tenants and both R and A resided at the property, only R signed the lease. L's complaint sounded in breach of contract as to R and alleged that A was liable pursuant to § 46b-37 (b) (3) because she and R were married and used the premises as their primary residence. The trial court rendered judgment in favor of L as against R, in accordance with a stipulation entered into by L and R. The court did not find A liable for back rent or use and occupancy because A had not signed the lease agreement and, although it considered L's arguments regarding § 46b-37 (b) (3), it did not adopt L's interpretation of that statute. On L's appeal to this court, *held* that the trial court erred in failing to impose joint and several spousal liability as to A pursuant to § 46b-37 (b) (3); the language of that statute unambiguously provides that both spouses shall be liable for the rental of any dwelling unit actually occupied by a husband and wife as a residence, and here, in light of R's liability for back rent and use and occupancy, A was also liable for back rent and use and occupancy, as the defendants' argument that a spouse cannot be liable to a third party under the statute for rent owed when the spouse is not a signatory to the leasehold agreement was contrary to the plain language of § 46b-37 (b) (3) and analogous appellate precedent interpreting other subdivisions of § 46b-37 (b) vis-à-vis third-party claims for payment.

Argued September 19—officially released November 22, 2022

*Procedural History*

Action to recover damages for breach of a lease agreement, and for other relief, brought to the Superior Court in the judicial district of Litchfield, Housing Session at Torrington, and tried to the court, *Wu, J.*; judgment in part for the plaintiff, from which the plaintiff appealed to this court. *Reversed in part*; *judgment directed.*

*Randall J. Carreira*, for the appellant (plaintiff).

*Douglas J. Lewis*, for the appellees (defendants).

*Opinion*

CLARK, J. The plaintiff, Dawson Lawrence, appeals from the judgment of the trial court rendered following a court trial in an action for damages arising from a residential lease against the married defendants, Roberto Gude (Roberto) and Adriana Gude (Adriana). On appeal, the plaintiff argues that the court improperly found that Adriana was not liable for back rent and use and occupancy under the lease pursuant to General Statutes § 46b-37 (b) (3).[1] We agree and, accordingly, reverse in part the judgment of the court.

We begin by setting forth the relevant facts, as found by the trial court, and the procedural history in this case. At all relevant times, Roberto and Adriana were married. The plaintiff and Roberto signed a written lease agreement for the plaintiff's real property located at 8 Bittersweet Bluff in New Milford (premises) for a term of one year commencing on September 15, 2015. Although the lease listed both Roberto and Adriana as tenants, Adriana did not sign the lease. Nevertheless, it is undisputed that both Roberto and Adriana resided together as husband and wife at the premises. The lease set the rent at $1750 per month. At the expiration of that year, the plaintiff and Roberto entered into an oral month-to-month lease. The plaintiff subsequently increased the rent to $1850 per month and then, in February, 2020, increased it to $1900 per month. On February 18, 2020, the defendants paid the plaintiff $1000 for rent.

On March 5, 2020, the plaintiff served the defendants with a notice to quit, which required them to vacate the premises on or before March 15, 2020. In the summary process proceedings that followed, the defendants availed themselves of the protection of the public health emergency order issued by the Centers for Disease Control and Prevention titled "Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19" (CDC order). On January 6, 2021, the summary process court, *J. Moore, J.*, found that the defendants had failed to pay rent but, as a result of the CDC order, could not be evicted. The court did not render judgment at that time because it needed to determine whether the defendants' adult daughter was an occupant of the premises as of March 5, 2020, a fact that, if proven, would require the plaintiff to serve the daughter with a notice to quit before the summary process proceedings could continue.[2]

While the summary process action was pending, the plaintiff commenced the instant action against the defendants on January 27, 2021. The first count of the three count complaint, which sounded in breach of contract, alleged that Roberto was liable for back rent, use and occupancy of the premises, and property damage. The second count alleged that Adriana was liable

for back rent pursuant to § 46b-37 because she and Roberto were married and used the premises as their primary residence. The third count alleged that the defendants were liable for back rent and use and occupancy based on a theory of unjust enrichment. On April 12, 2021, the defendants filed an answer to the complaint, admitting, inter alia, that Adriana is Roberto's spouse and that the two lived in the premises as their primary residence at all relevant times.

On April 13, 2021, the summary process court, *J. Moore, J.*, rendered judgment of summary process in the plaintiff's favor but stayed execution of the eviction until June 30, 2021, based on the CDC order.

On June 10, 2021, the plaintiff amended his complaint in this action. The amended complaint repleaded all three counts but added the phrase "use and occupancy" to several paragraphs in all three counts and updated the amounts allegedly owed to reflect the defendants' continued use and occupancy of the premises without paying rent during the pendency of the action. The plaintiff and Roberto stipulated on the first day of trial, July 13, 2021, that the plaintiff was owed $27,500 in back rent and use and occupancy.[3]

On November 26, 2021, the court rendered judgment in favor of the plaintiff on count one against Roberto. The court found Roberto liable for $31,948, awarding $27,500 for back rent and use and occupancy, as stipulated, and $4448 for repair costs due to damage to the premises. With respect to Adriana, however, the court stated that, "[a]lthough . . . Adriana . . . is listed as a party in the written . . . lease, the lease agreement is not signed by her . . . . There was no evidence entered into the record that she participated in the negotiation of the oral, month-to-month lease of the premises. Therefore, the court finds that . . . Adriana . . . is not liable to plaintiff for back rent or use and occupancy."

On November 30, 2021, the plaintiff filed a motion to reargue, asserting that the court failed to address Adriana's alleged liability under § 46b-37 (b). The defendants objected to that motion on December 1, 2021, and argued, inter alia, that § 46b-37 (b) does not apply to the claims of a landlord. On December 17, 2021, the court denied the motion to reargue and stated: "The court, in issuing its decision in this matter, considered the plaintiff's arguments regarding § 46b-37 (b) (3). Title 46b of the . . . General Statutes relates to family law related issues and matters. The court does not adopt the plaintiff's interpretation of that statute and instead applied principles of contract law to determine liability of the respective defendants." This appeal followed.[4] Additional facts will be set forth as necessary.

We begin by setting forth the applicable standard of review. Because the issue on appeal is whether Adriana

is liable to the plaintiff for back rent and use and occupancy under § 46b-37 (b) (3), the plaintiff's claim "raises a question of statutory construction, which is a [question] of law, over which we exercise plenary review." (Internal quotation marks omitted.) *Saunders* v. *Firtel*, 293 Conn. 515, 525, 978 A.2d 487 (2009). Further, "[w]hen construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . [General Statutes §] 1-2z directs this court to first consider the text of the statute and its relationship to other statutes to determine its meaning. If, after such consideration, the meaning is plain and unambiguous and does not yield absurd or unworkable results, we shall not consider extratextual evidence of the meaning of the statute. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Citations omitted; internal quotation marks omitted.) *Sarrazin* v. *Coastal, Inc.*, 311 Conn. 581, 603–604, 89 A.3d 841 (2014).

On appeal, the plaintiff claims that the trial court erred in failing to impose joint and several spousal liability as to Adriana pursuant to § 46b-37 (b). The defendants disagree and argue that § 46b-37 (b) does not apply in actions filed by landlords in regard to a contract claim, and, therefore, the court did not err in finding Adriana not liable under the statute. We agree with the plaintiff.

Section 46b-37 provides in relevant part: "(a) Any purchase made by either a husband or wife in his or her own name shall be presumed, in the absence of notice to the contrary, to be made by him or her as an individual and he or she shall be liable for the purchase. *(b) Notwithstanding the provisions of subsection (a) of this section, it shall be the joint duty of each spouse to support his or her family, and both shall be liable for:* (1) The reasonable and necessary services of a physician or dentist; (2) hospital expenses rendered the husband or wife or minor child while residing in the family of his or her parents; *(3) the rental of any dwelling unit actually occupied by the husband and wife as a residence and reasonably necessary to them for that purpose*; and (4) any article purchased by either which has in fact gone to the support of the family, or for the joint benefit of both." (Emphasis added.) This language clearly and unambiguously states that "both" spouses shall be liable for "the rental of any dwelling unit actually occupied by the husband and wife as a residence and reasonably necessary to them for that purpose . . . ." General Statutes § 46b-37 (b) (3); see also *Wilton Meadows Ltd. Partnership* v. *Coratolo*, 299 Conn. 819, 829, 14 A.3d 982 (2011) ("[§ 46b-37 (b) (1)

through (3)] expressly enumerate specific types of services and expenses for which a spouse would be liable").

The defendants' argument that a spouse cannot be liable to a third party under § 46b-37 for rent owed when the spouse is not a signatory to the leasehold agreement is contrary to the plain language of § 46b-37 (b) (3) and analogous appellate precedent interpreting other subdivisions of § 46b-37 (b) vis-à-vis third-party claims for payment. Most recently, in *Stamford Hospital* v. *Schwartz*, 190 Conn. App. 63, 78, 209 A.3d 1243, cert. denied, 332 Conn. 911, 209 A.3d 644 (2019), this court held that § 46b-37 (b) (2) allowed a hospital to recover the costs of medical services rendered to a minor child from both of the child's parents. The mother in *Schwartz* had signed an authorization that made her liable for any medical expenses that the child's health insurance did not cover, and the trial court rendered judgment against both parents pursuant to § 46b-37 (b) (2). Id., 68. We affirmed that judgment on the ground that the father "was liable under the authorization pursuant to § 46b-37, regardless of whether he signed the authorization." Id., 78. This court's decision in *Schwartz* is consistent with a long line of cases that interpreted prior revisions of § 46b-37 (b) as creating joint and several spousal liability to third parties for certain types of debt. See, e.g., *Baledes* v. *Greenbaum*, 112 Conn. 64, 68–69, 151 A. 333 (1930) (affirming judgment against husband for cost of groceries wife purchased for support of family); *Howland Dry Goods Co.* v. *Welch*, 94 Conn. 265, 267, 108 A. 510 (1919) (husband and wife jointly liable for articles purchased by one as long as "the purchases [had] in fact gone to the support of the family" (internal quotation marks omitted)); *Paquin, Ltd.* v. *Westervelt*, 93 Conn. 513, 517–18, 106 A. 766 (1919) (husband liable for cost of clothing wife purchased for individual use from plaintiff); *Fitzmaurice* v. *Buck*, 77 Conn. 390, 393, 59 A. 415 (1904) (concluding prior revision of § 46b-37 (b) "was in its present pertinent provisions designed in no small measure for the protection of third parties who might have dealings with married persons").

Here, the defendants admitted in their answer that, at all relevant times, they were married and were occupying the premises as their primary residence.[5] Pursuant to the plain language of § 46b-37 (b), in light of Roberto's liability for back rent and use and occupancy, Adriana is also liable for back rent and use and occupancy, regardless of whether she signed the lease.[6] See *Stamford Hospital* v. *Schwartz*, supra, 190 Conn. App. 78.

The judgment is reversed as to the defendant Adriana Gude only, and the case is remanded with direction to render judgment in favor of the plaintiff against the defendant Adriana Gude in the amount of $27,500 for

back rent and use and occupancy; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] General Statutes § 46b-37 provides in relevant part: "(a) Any purchase made by either a husband or wife in his or her own name shall be presumed, in the absence of notice to the contrary, to be made by him or her as an individual and he or she shall be liable for the purchase.

"(b) Notwithstanding the provisions of subsection (a) of this section, it shall be the joint duty of each spouse to support his or her family, and both shall be liable for . . . (3) the rental of any dwelling unit actually occupied by the husband and wife as a residence and reasonably necessary to them for that purpose . . . ."

[2] General Statutes § 47a-23 (a) provides in relevant part: "When the owner or lessor . . . desires to obtain possession or occupancy of any land or building . . . such owner or lessor . . . shall give notice *to each lessee or occupant* to quit possession or occupancy of such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy." (Emphasis added.)

[3] On August 24, 2021, the second day of trial, despite the stipulation, the plaintiff argued that the amount owed for back rent and use and occupancy was $29,295. The trial court awarded the plaintiff $27,500 for back rent and use and occupancy in accordance with the stipulation, and the plaintiff does not challenge that ruling on appeal.

[4] Roberto has not filed a cross appeal.

[5] As the plaintiff noted in his appellate brief, the defendants did not file an answer to the amended complaint. Practice Book § 10-61 provides in relevant part: "When any pleading is amended the adverse party may plead thereto . . . or, if the adverse party has already pleaded, alter the pleading, if desired . . . . If the adverse party fails to plead further, pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading." The plaintiff's amended complaint did not modify the paragraphs containing the allegations in question. Because the defendants admitted those allegations, the defendants' admissions on those points apply to the amended complaint.

[6] During oral argument before this court, the plaintiff's counsel made clear that the plaintiff was only seeking to hold Adriana liable under § 46b-37 (b) for back rent and use and occupancy, not for property damage.